IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CAITLYN PARDO<br>4260 Americana Dr., Apt. 508<br>Stow, Ohio 44224 | ) ) ) ) | CASE NO.<br><br>JUDGE: |
| Plaintiff | ) ) ) | |
| v. | ) ) | **COMPLAINT** |
| SFR X HOLDINGS, LLC<br>c/o Corporation Service Company<br>  Statutory Agent<br>1160 Dublin Road, Suite 400<br>Columbus, Ohio 43215 | ) ) ) ) ) ) ) | **JURY DEMAND ENDORSED<br>HEREON** |
| Defendant | ) | |

Plaintiff Caitlyn Pardo, by and through undersigned counsel, for her Complaint against Defendant SFR X Holdings, LLC, states and avers as follows:

**PARTIES**

1. Plaintiff resides in Summit County, Ohio and was at all relevant times employed by Defendant as defined by the Family Medical Leave Act, 29 U.S.C. §§ 2601 et seq. ("FMLA"), as she .

2. Defendant is a foreign limited liability company that does business as a Pizza Hut franchisee in the Northern District of Ohio and, at all relevant times, is and has been an "employer" as defined under 29 U.S.C. § 2611(4)(A) of the Family Medical Leave Act, 29 U.S.C. §§ 2601 et seq. ("FMLA"), as it engaged in commerce or in an industry or activity affecting commerce and employed 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year. Defendant employed Plaintiff in Summit County, Ohio.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as it arises under the laws of the United States, and pursuant to the FMLA, 29 U.S.C. § 2617.

4. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) and (c) as Defendant does business in the Northern District of Ohio, and the causes of action alleged herein arise from Defendant's activities in the Northern District of Ohio.

## ALLEGATIONS

1. Plaintiff at all relevant times was an "eligible employee" as defined under § 2611(2)(A) of the FMLA, as (i) she was employed for at least 12 months by the Defendant, with respect to whom she requested leave under 29 U.S.C. § 2612; and (ii) was employed by Defendant for at least 1,250 hours during the 12-month period previous to when she requested FMLA leave.

2. Defendant employed Plaintiff as the General Manager at its Pizza Hut location in Twinsburg, Ohio.

3. On or about November 28, 2023 Plaintiff told Defendant that she was going to need leave in order to have surgery in connection with a serious health condition, i.e., to remove a cyst in the clavicle area of her shoulder, and to repair a torn bicep tendon.

4. On or about December 7, 2023 Defendant advised Plaintiff she was eligible for FMLA leave.

5. On or about January 3, 2024 Plaintiff provided Defendant's Human Resources representative, Holley Lane, with her health care provider's Certificate of Health Care certifying Plaintiff's serious health condition. Moreover, as recently as on or about January 3, 2024 Plaintiff told her boss, District Manager Tom Stevens, that she was going to take time off to have surgery. Stevens responded that Plaintiff would not have a store to manage when she came back from

surgery. Plaintiff had previously informed Stevens about her serious health condition and that she needed to take time off from work in order to have surgery.

6. On January 16, 2023, after having received no word from Defendant as to whether she was approved for FMLA leave, Plaintiff texted Lane as follows: "Hi it's Caitlyn from twinsburg I just wanna make sure all my paperwork for fmla is all good." Ms. Lane never responded to Plaintiff's text.

7. Defendant never issued a Designation Notice, as required under the FMLA, informing Plaintiff whether she was or was not approved for leave under the FMLA.

8. On January 22, 2024 District Manager Tom Stevens informed Plaintiff she was terminated from employment with Defendant because her inventory numbers were incorrect. Plaintiff's inventory numbers were and had been at least as good as the inventory numbers for other General Managers.

## COUNT ONE – FMLA INTERFERENCE

9. Plaintiff reasserts the foregoing allegations and incorporates them by reference as if fully set forth herein.

10. Plaintiff was entitled to leave under the FMLA.

11. Plaintiff gave Defendant notice of her intention to take leave.

12. Defendant interfered with Plaintiff's FMLA rights by denying her FMLA benefits to which she was entitled.

13. Defendant also interfered with Plaintiff's FMLA rights by failing to provide a Designation Notice in accordance with 29 C.F.R. § 825.300(d)(1).

14. Defendant did not act in good faith and did not have reasonable grounds for believing that its conduct was not a violation of 29 U.S.C. § 2615, such that Plaintiff is entitled to additional, liquidated damages.

## COUNT TWO – FMLA RETALIATION

15. Plaintiff reasserts the foregoing allegations and incorporates them by reference as if fully set forth herein.

16. Plaintiff engaged in statutorily protected activity when she requested FMLA leave.

17. Defendant knew Plaintiff was exercising her FMLA rights.

18. Plaintiff thereafter suffered a materially adverse employment action, i.e., termination from employment.

19. Plaintiff's termination is causally related to her protected activity under the FMLA.

20. Defendant did not act in good faith and did not have reasonable grounds for believing that its conduct was not a violation of 29 U.S.C. § 2615, such that Plaintiff is entitled to additional, liquidated damages.

## COUNT THREE – BREACH OF CONTRACT

21. Plaintiff reasserts the foregoing allegations and incorporates them by reference as if fully set forth herein.

22. Under the terms of her employment contract with Defendant, Plaintiff was entitled to receive a payout for accrued paid time off (PTO) earned through her employment.

23. Defendant failed to pay Plaintiff for all of her accrued PTO following her termination.

24. Defendant breached the terms of the parties' employment contract by failing to pay Plaintiff her accrued PTO following her termination.

WHEREFORE, Plaintiff demands from Defendant the following:

(a) Monetary damages to compensate Plaintiff for lost wages and benefits;

(b) Liquidated damages as allowed by the FMLA;

(c) Pre- and post-judgment interest;

(d) An award of reasonable attorneys' fees and costs; and

(e) Such other relief to which Plaintiff is entitled.

Respectfully submitted,

*/s/ David W. Neel*
David W. Neel (0033611)
David W. Neel, LLC
13800 Shaker Blvd., Suite 102
Cleveland, Ohio 44120
Telephone: (216) 522-0011
Telecopier: (844) 548-3570

*Attorney for Plaintiff Caitlyn Pardo*

## JURY DEMAND

Plaintiff demands a trial by jury on all claims asserted in this Complaint.

*/s/ David W. Neel*
David W. Neel (0033611)