UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| CAITLYN PARDO, | : | CASE NO. 5:24-cv-00489 |
| Plaintiff, | : | OPINION & ORDER |
| | : | [Resolving Docs. 5, 6, 7, 9] |
| v. | : | |
| SFR X HOLDINGS, LLC, | : | |
| Defendant. | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Plaintiff Caitlyn Pardo used to work for Defendant SFR X Holdings, LLC, a Pizza Hut franchisee. After Plaintiff Pardo asked Defendant SFR for medical leave in connection with a necessary surgery, Defendant SFR terminated Pardo's employment. Pardo now sues SFR for Family Medical Leave Act violations and contract breach. Defendant SFR moves to compel arbitration.[1] Pardo opposed,[2] and SFR filed a reply.[3] Pardo then moved to stay her case in the event the Court compels arbitration.[4]

For the reasons below, the Court **GRANTS** both SFR's and Pardo's motions. The Court therefore **COMPELS** arbitration and **STAYS** this matter pending arbitration.

I. LEGAL STANDARD

A court considering whether to compel arbitration under the Federal Arbitration Act applies a two-part test. First, the court uses state law and determines whether "a valid

---
[1] Doc. 5.
[2] Doc. 7-1. Plaintiff Pardo moved to extend her opposition deadline and for leave to file an opposition. Docs. 6, 7. The Court **GRANTS** those motions.
[3] Doc. 8-1.
[4] Doc. 9.

Case No. 5:24-cv-00489
GWIN, J.

agreement to arbitrate exists between the parties."[5] Second, the court determines whether the parties' "specific dispute falls within the substantive scope of that agreement."[6]

When applying this two-part test, courts use the summary judgment standard.[7] So, courts will compel arbitration when, viewing all facts and inferences in favor of the party opposing arbitration, there is no material factual dispute that the parties agreed to arbitrate.[8]

## II. DISCUSSION

### A. Arbitration Agreement Enforceability

The Court finds there is no material dispute that the parties entered into an enforceable arbitration agreement.

According to Defendant SFR's human resources director, employees like Plaintiff Pardo were required to review and sign an employee handbook and arbitration agreement before beginning to work.[9] To ensure that employees signed the handbook and arbitration agreement, SFR used the PeopleMatter platform to electronically onboard its employees.[10] PeopleMatter required employees to open, scroll through, and electronically sign the arbitration agreement before completing onboarding.[11]

SFR provided PeopleMatter records showing that Pardo reviewed and signed an arbitration agreement.[12] Applying Ohio law, courts "have consistently found that [such] electronic acknowledgements of arbitration clauses are sufficient to bind employees."[13]

Plaintiff Pardo argues that she never agreed to arbitrate despite these PeopleMatter

---

[5] *Richmond Health Facilities v. Nichols*, 811 F.3d 192, 195 (6th Cir. 2016) (citation omitted).
[6] *Id.*
[7] *Great Earth Cos. v. Simons*, 288 F.3d 878, 889 (6th Cir. 2002).
[8] *Id.*
[9] Doc. 5-3 at ¶ 11.
[10] *Id.* at ¶¶ 12–14.
[11] *Id.*
[12] *Id.* at PageID #: 38.
[13] *Reed v. Best Buy Warehousing Logistics, LLCs*, 625 F. Supp. 3d 662, 666 (N.D. Ohio 2022) (collecting cases).

- 2 -

Case No. 5:24-cv-00489
GWIN, J.

records.[14] To support her argument, Pardo gives a declaration saying, "To the best of my recollection I did not sign or agree to any arbitration agreement with SRX [sic], and to the best of my recollection I did not scroll down when on the employee handbook page in order to view an arbitration agreement."[15]

Notably, Pardo only says that she does not *remember* signing an arbitration agreement; Pardo does not *deny* signing the arbitration agreement. Given that SFR provided business records demonstrating that Pardo signed the arbitration agreement,[16] Pardo's declaration that she does not remember doing so fails to create any material factual dispute.

In fact, even if Pardo had expressly denied signing the arbitration agreement, that would not be enough to create a material factual dispute in the face of SFR's records.[17]

As an alternative defense, Plaintiff Pardo argues that the arbitration agreement is unenforceable because the arbitration agreement imposes onerous costs that would deter employees from pursuing their federal statutory claims.[18]

The Supreme Court has recognized that "the existence of large arbitration costs could preclude a litigant . . . from effectively vindicating her federal statutory rights in the arbitral forum" such that an arbitration agreement is unenforceable."[19] The party seeking to avoid arbitration "on the ground that arbitration would be prohibitively expensive . . . bears the burden of showing the likelihood of incurring such costs."[20]

---

[14] Doc. 7-1 at PageID #: 46–49.
[15] *Id.* at PageID #: 54.
[16] Pardo raises two evidentiary challenges to SFR's business records. Neither is successful. First, Pardo says that SFR failed to authenticate the PeopleMatter records under Federal Rule of Evidence 901. But SFR adequately authenticated its PeopleMatter records through its human resources director's affidavit. Doc. 5-3. Second, Pardo claims that SFR violated the best evidence rule (Federal Rule of Evidence 1002) by failing to produce Pardo's onboarding materials. That is incorrect. SFR attached the relevant arbitration agreement to its human resources director's affidavit. Doc. 5-3 at PageID #: 40–41.
[17] *Stephens v. Frisch's Big Boy Restaurants*, No. 1:19-cv-954, 2020 WL 4754682, at *3 (S.D. Ohio July 30, 2020) (collecting cases), *report and recommendation adopted*, 2020 WL 4748578 (S.D. Ohio Aug. 17, 2020).
[18] Doc. 7-1 at PageID #: 49–52.
[19] *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 90 (2000).
[20] *Id.* at 92.

- 3 -

Case No. 5:24-cv-00489
GWIN, J.

Specifically, the party resisting arbitration must show that any cost-related provisions in the arbitration agreement "would deter a substantial number of similarly situated potential litigants" from seeking to vindicate their federal statutory rights.[21]

Plaintiff Pardo has not met her burden to show that arbitration costs would deter potential litigants. The only cost-related provision in the arbitration agreement here is that "[e]ach party shall bear his/her own fees and expenses, unless otherwise awarded by the arbitrator in a final, written decision."[22]

To begin, the potential for arbitrator-ordered cost shifting is not relevant to determining deterrence.[23] Setting aside the cost-shifting clause, the relevant provision says nothing about how costs will be split between the parties. The arbitration agreement does not define what a party's "own" expenses are and does not suggest how much those expenses might be. Nor does the arbitration agreement does not identify a specific arbitration association for the parties to use; the Court therefore cannot infer costs based on a specific arbitration association's fee schedule or policies. The arbitration agreement is effectively silent about costs, and an "arbitration agreement's silence with respect to costs and fees" does not render it unenforceable.[24]

Pardo attempts to argue that her costs will be prohibitive by speculating about costs that would arise *if* the parties could not decide on a mutually agreeable arbitrator and *if* the parties pursued arbitration with the American Arbitration Association.[25] The Supreme Court

---

[21] *Morrison v. Cir. City Stores, Inc.*, 317 F.3d 646, 663 (6th Cir. 2003) (en banc).
[22] Doc. 5-1 at PageID #: 31.
[23] *Morrison*, 317 F.3d at 664.
[24] *Green Tree*, 531 U.S. at 92.
[25] Doc. 7-1 at PageID #: 49–52.

Case No. 5:24-cv-00489
GWIN, J.

expressly held that this type of speculation is insufficient to carry a party's burden to show prohibitive costs.[26]

Therefore, the Court finds that there is an enforceable arbitration agreement between Plaintiff Pardo and Defendant SFR.

### B. Arbitration Agreement Scope

Pardo's claims clearly fall within the arbitration agreement's scope. The arbitration agreement defines its scope as follows:

> Because of, among other things, the delay and expense which result from the use of the court systems, any legal or equitable claims or disputes arising out of or in connection with your employment, the terms and conditions of your employment, or the termination of employment with [SFR] will be resolved by binding arbitration instead of in a court of law or equity. This applies to all disputes involving legally protected rights (e.g., local, state, and federal statutory, contractual or common law rights) regardless of when the statute was enacted or the common law doctrine was recognized (e.g., either before or after this arbitration agreement and policy became effective).[27]

Pardo's claims arise out her employment with SFR because Pardo alleges that SFR wrongfully fired her and failed to give required leave.[28] Pardo's claims are also based on federal statute and state contract law, which both fall within the arbitration agreement's express scope.

As such, the Court finds that Pardo and SFR agreed to arbitrate the disputes in this case.

### III. CONCLUSION

For the reasons given above, the Court **GRANTS** Defendant SFR's motion and **COMPELS** arbitration. Because Plaintiff Pardo asked for a stay, the Court must also **GRANT**

---

[26] *Green Tree*, 531 U.S. at 90 n.6.
[27] Doc. 5-2 at PageID #: 31 (emphasis added).
[28] Doc. 1.

- 5 -

Case No. 5:24-cv-00489
GWIN, J.

Pardo's stay motion and **STAYS** this case pending arbitration.[29] The parties shall provide a joint status report regarding arbitration status every four months from the date of this Order. The parties shall also notify the Court within seven days of receiving a final, written arbitration decision.

    IT IS SO ORDERED.

Dated: August 5, 2024            <u>s/    James S. Gwin</u>
                                                  JAMES S. GWIN
                                                  UNITED STATES DISTRICT JUDGE

---

[29] *Smith v. Spizzirri*, 601 U.S. 472, 475–76 (2024) ("When a federal court finds that a dispute is subject to arbitration, and a party has requested a stay of the court proceeding pending arbitration, the court does not have discretion to dismiss *476 the suit on the basis that all the claims are subject to arbitration.").